USDC SDNY
DOCUMENT
ELECTRONICALLY FILED:
DOC #: _____
DATE FILED: 8/6/2015_____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

JIMMY M. JONES,                                      :        **REPORT AND**
                                                              **RECOMMENDATION**
                                    Plaintiff,       :        **TO THE HONORABLE**
                                                              **RONNIE ABRAMS____**
              -against-                              :
                                                              13cv7379-RA-FM
COMMISSIONER OF SOCIAL SECURITY,                     :

                                    Defendant.       :

-----------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

   <u>Pro se</u> plaintiff Jimmy M. Jones ("Jones") brings this action pursuant to

Section 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g),

seeking review of a final decision of the Commissioner ("Commissioner") of the Social

Security Administration ("SSA") denying his application for Disability Insurance

Benefits ("DIB") and Supplemental Security Income ("SSI").  The Commissioner has

moved to dismiss this action as untimely pursuant to Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  (ECF No. 14).  That motion is unopposed.  For that reason, as well as

the reasons set forth below, I recommend that the Commissioner's motion be granted.

I.  <u>Background</u>

   On August 14, 2007, Jones filed applications for DIB and SSI, claiming that

he was disabled as of June 13, 2007.  (<u>See</u> ECF No. 2 ("Complaint" or "Compl.") at 12).

After the Commissioner denied both applications initially on January 31, 2008,

(Compl. Ex. A at 29-46), Jones requested a <u>de novo</u> hearing before an Administrative

Law Judge ("ALJ") on April 18, 2008, (<u>id.</u> at 25-27), which was held before ALJ Robin Arzt on February 9, 2009, (<u>see</u> <u>id.</u> at 9).  Thereafter, on February 12, 2009, ALJ Arzt issued a written decision in which she concluded that Jones was not disabled within the meaning of the Act.  (<u>Id.</u> at 9-21).

On April 17, 2009, Jones appealed ALJ Arzt's decision to the Appeals Council.  (Compl. at 53-54).  This appeal was not timely filed within the required sixty-day period, (<u>see</u> 20 C.F.R. §§ 404.968(a)(1), 416.1468(a)), because Jones had encountered difficulty retrieving the notice of the ALJ's adverse decision from the location where it was mailed, (Compl. at 51-52).  Finding good cause for the delay, the Appeals Council reached the merits of Jones' appeal, and remanded the case for further administrative proceedings with respect to Jones' alleged mental impairments.  (<u>Id.</u> at 49-50).

On October 6, 2011, a new hearing was held before ALJ Gitel Reich.  On December, 19, 2011, after considering Jones' alleged mental impairments, ALJ Reich issued a written decision which also concluded that Jones was not disabled within the meaning of the Act.  (<u>Id.</u> at 40-47).  On February 23, 2012, Jones again filed an untimely appeal of the ALJ's decision.  (<u>Id.</u> at 32-33, 34-37).  On August 24, 2012, the Appeals Council again found good cause for Jones' delay and remanded his case for further findings "regarding the extent to which [his] limitations erode[d] the occupational base for light work."  (<u>Id.</u> at 32).

After yet another hearing, during which a vocational expert testified, ALJ Reich issued a written decision, dated March 13, 2013, finding that Jones was not disabled.  (Id. at 12-21).  This time, the Appeals Council denied Jones' request for review.  (Id. at 4-6).  Jones alleges that he received notice of the Appeals Council's decision on August 13, 2013.  (Id. at 2).

On October 17, 2013, Jones commenced this action challenging the Commissioner's determination that he was not disabled within the meaning of the Act.  (ECF No. 2).  On October 22, 2013, Your Honor issued a Scheduling Order and referred this matter to me for a Report and Recommendation.  (ECF No. 9).  On June 30, 2014, the Commissioner filed and served a motion to dismiss Jones' complaint as untimely pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (ECF No. 14).  Pursuant to the Scheduling Order, Jones' opposition papers were due by July 30, 2014.  (ECF No. 9) ("Opposition to any motion shall be filed within thirty days from service of the motion.").  On September 10, 2014, more than one month after his opposition was due, Jones requested more time to respond to the Commissioner's motion (referred to in his letter as the "opposition").  (ECF No. 16).  In light of Jones' pro se status, I extended the deadline for Jones to file opposition papers to October 8, 2014.  (ECF No. 17).  In doing so, however, I noted that Jones had not "provide[d an] explanation or excuse for his delay," and cautioned that no further extensions would be granted.  (Id.).  To date, the

Court has not received any further paperwork from Jones.  The Commissioner's motion

consequently is unopposed.[1]

II.     Discussion

    A.     Applicable Law

        1.     Standard of Review

        A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal

sufficiency of [a] plaintiff's claim for relief."  Krasner v. HSH Nordbank AG, 680 F.

Supp. 2d 502, 511 (S.D.N.Y. 2010).  In deciding the motion, the Court must accept as

true all factual allegations made in a complaint and draw all reasonable inferences in

favor of the plaintiff.  Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006).

"Where the dates in a complaint show that an action is barred by a statute of limitations, a

defendant may raise the affirmative defense in a pre-answer motion to dismiss."  Ghartey

v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989); see Nghiem v. U.S. Dep't

of Veterans Affairs, 451 F. Supp. 2d 599, 602 (S.D.N.Y. 2006), aff'd, 323 F. App'x 16

(2d Cir. Mar. 31, 2009) (collecting cases).

---

[1]     I should note that my Chambers received a call from a Legal Aid Society attorney on October 6, 2014.  The attorney inquired whether the deadline for Jones to file papers could be extended since he was hospitalized.  My law clerk responded that I would grant an extension of the October 8 deadline if counsel entered an appearance on Jones behalf.  No such appearance took place.

2.      Statute of Limitations and Equitable Tolling

Section 205(g) of the Act provides that an individual may obtain review of a final decision of the Commisioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."  42 U.S.C. § 405(g).  Under the applicable regulation, a claimant is presumed to have received such notice within "[five] days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).  Accordingly, absent an extension by the Appeals Council predicated "upon a showing of good cause," id., a claimant has sixty-five days from the date of the Commissioner's final decision to commence a timely action for review of that decision. See Matsibekker v. Heckler, 738 F.2d 79, 80-81 (2d Cir. 1984); Smith v. Comm'r of Soc. Sec., No. 08-CV-1547 (NGG), 2010 WL 5441669, at *1 (E.D.N.Y. Dec. 23, 2010).

Notwithstanding this sixty-five day window, in certain "rare and exceptional circumstances," Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)) (alterations omitted), equitable tolling of the statute of limitations is appropriate upon a litigant's showing "that he has been pursuing his rights diligently" and "that some extraordinary circumstance" prevented him from timely filing his lawsuit.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  Although equitable tolling may be appropriate when a claimant's medical condition or mental impairment prevents him from initiating suit in a timely manner, Zerilli-Edelglass, 333 F.3d at 80, the claimant must proffer a

5

"particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights."  Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000); see Johnson v. Astrue, No. 12-CV-2736 (SLT), 2014 WL 2624904, at *2 (E.D.N.Y. June 12, 2014) ("Illness and poor health do not typically rise to the standard of an extraordinary circumstance in the context of a social security claim.") (collecting cases).

        3.      <u>Application of Law to Facts</u>

Jones' Complaint is clearly untimely.  On August 8, 2013, the Appeals Council denied Jones' request to review ALJ Reich's determination that he was not disabled.  (Compl. at 2, 4-6).  The Appeals Council advised Jones of his right to seek judicial review of the adverse decision in federal court and the appropriate time frame in which to do so.  (Id. at 5).  Specifically, the notice from the Appeals Council instructed:

> You have 60 days to file a civil action (ask for court review).
>
> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

(Id. at 5).

Given the five-day grace period for mailed notices, the 65-day period during which Jones had to file his suit expired on October 13, 2013.[2] Jones, however, first commenced this action on October 17, 2013 – five days after the deadline.  (ECF No. 2).  Accordingly, absent evidence that Jones obtained an extension of time from the Appeals Council – and there is none – his lawsuit is untimely.  Indeed, even if the Court were to assume that Jones first received notice of the Appeals Council's decision on August 15, 2013, as alleged in his Complaint, (see Compl. at 2), this lawsuit still would be untimely because it then would have had to have been filed by October 15, 2013 – two days before the actual filing date.[3]

Notwithstanding the short statute of limitations set forth in the Act, there are circumstances in which a claimant may be entitled to equitable tolling.  See Bowen v. City of New York, 476 U.S. 467, 480-82 (1986).  For this reason, I also have considered whether the doctrine is applicable here.  See Rodriquez v. Barnhart, No. 01 Cv. 3411, 2002 WL 31875406, at *3 (S.D.N.Y. Dec. 24, 2002) ("[E]ven though [claimant] does not herself raise the equitable-tolling issue, we are obliged to consider it for her since it presents the strongest argument that her pleadings could be read to suggest.").  Although it appears that Jones has multiple severe impairments, including HIV, depression, and anxiety, (Compl. at 14), there is no evidence to suggest that these impairments impacted

---

[2]     Because October 13, 2013, was a Sunday, Jones had until the following day to file his complaint.

[3]     In that circumstance, of course, the five-day extension of time to allow for a claimant's receipt of the decision would be inapplicable.  See 20 C.F.R. § 422.210(c).

his capacity to such a degree as to render him unable to comply with the Act's requirements.  See DeJesus v. Comm'r of Soc. Sec., No. 13-cv-7913 (HBP) (AJN), 2015 WL 3555787, at *1 (S.D.N.Y. June 8, 2015) (quoting Kesoglides v. Comm'r of Soc. Sec., No. 13-CV-4724 (PKC), 2015 WL 1439862, at *4 (E.D.N.Y. Mar. 27, 2015)) ("To toll the statute of limitations based on mental impairment, a petitioner must make more than a conclusory and vague claim, that includes a particularized description of how [his] condition adversely affected [his] capacity to function generally or in relationship to the pursuit of [his] rights.") (internal quotation marks omitted); Johnson, 2014 WL 2624904, at *2 (despite evidence of multiple medical conditions, "there is nothing in the record . . . to suggest an extraordinary or peculiar circumstance that would have prevented [claimant] from filing by the [applicable] deadline.").  Indeed, throughout the administrative process, Jones was continuously able to advocate effectively for himself, convincing the Appeals Council on two occasions to remand his case to the ALJ for further proceedings.

In sum, Jones' complaint is untimely and should be dismissed.  See Johnson, 2014 WL 2624904, at *2 (dismissing complaint filed eight days after deadline); Johnson v. Comm'r of Soc. Sec., 519 F. Supp. 2d 448, 449 (S.D.N.Y. 2007) (dismissing complaint filed nine days after deadline); Davila v. Barnhart, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (dismissing complaint filed one day after deadline); see also Mohasco Corp. v. Silver, 447 U.S. 807, 826 ("[I]n the long run, experience teaches that strict

adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law.").

III.   Conclusion

For the foregoing reasons, the Commissioner's motion, (ECF No. 14), should be granted.

IV.   Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen (14) days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.   See also Fed. R. Civ. P. 6(a) and (d).   Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Ronnie Abrams and to my chambers at the United States Courthouse, 500 Pearl Street, New York, N.Y. 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).   Any requests for an extension of time for filing objections must be directed to Judge Abrams.   The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.   See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).


Dated:        New York, New York
              August 6, 2015

_____
              FRANK MAAS
         United States Magistrate Judge

9

Copies to:

Jimmy M. Jones (via U.S. Mail)
208 West 151st Street, Apartment B27
New York, NY 10039

Defense Counsel (via ECF)